IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN PAUL DELONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-232-RP |
| | § | |
| CAR2GO NA, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff John Paul DeLong's ("DeLong") Motion to Remand, (Dkt. 8), along with the parties' responsive briefing, (Dkts. 17, 21). After considering the parties' briefs, the records, and the relevant law, the Court finds that the motion should be granted.

DeLong filed this action in the 98th Judicial District Court of Travis County, Texas, in January 2019. (Orig. Pet., Dkt. 4, at 2). DeLong, formerly the President and CEO of Defendant car2go NA, LLC ("car2go"), is suing his former company for failing to make incentive payments that he was allegedly owed. (*Id.* at 2–11). In his original petition, DeLong alleges that he resides in Austin, Texas, and that car2go is a Delaware limited liability company with its principal place of business in Austin. (*Id.* at 2).[1]

Car2go removed the case to this Court in March 2019 based on this Court's diversity jurisdiction. (Dkt. 1). In its notice of removal, car2go argues that it is diverse from DeLong because he is in fact a North Carolina resident, having moved there with his family after leaving car2go. (*Id.* at 3–5). Car2go makes no other argument in support of removal. (*Id.* at 1–7). Car2go agrees with DeLong that it is a Delaware limited liability company with its principal place of business in Austin. (*Id.* at 6).

---

[1] A corporation is a citizen of both any state in which it is incorporated and of the state where it has its "principal place of business." 28 U.S.C. § 1332(c)(1).

1

In his motion to remand, DeLong argues that removal is improper under 28 U.S.C. § 1441 because car2go is, by its own admission, a citizen of the state in which this action was brought. (Mot., Dkt. 7, at 3). DeLong is right: based on car2go's own admission that its principal place of business is in Texas, (Not. Removal, Dkt. 1, at 6), its removal of this action is improper under 28 U.S.C. § 1441(b)(2).

In its response, car2go does not dispute that it is a citizen of Texas for purposes of establishing this Court's diversity jurisdiction. (*See* Resp., Dkt. 17). Instead, car2go introduces an argument not presented in its notice of removal: that it is merely a sham defendant sued to defeat diversity jurisdiction; that the real party in interest is actually Daimler Financial Services AG ("DFS"), a foreign company; and that therefore car2go was improperly joined. (*Id.*).

The Court need not resolve the merits of car2go's new improper-joinder argument because the company waived that argument by not raising it in its notice of removal. As the party seeking removal, car2go "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Part of that burden is to file a notice of removal containing a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice "is a pleading of the facts necessary to vest jurisdiction in the federal court." *Rachel v. State of Ga.*, 342 F.2d 336, 340 (5th Cir. 1965), *aff'd*, 384 U.S. 780 (1966). As a pleading, a notice of removal is subject to the "same liberal rules . . . that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation and quotation marks omitted). Accordingly, a notice of removal must include a "plausible allegation" of the facts necessary to support federal jurisdiction. *Id.* at 554. Applying Rule 8's pleading rules to notices of removal, courts have previously held that "a defendant 'clearly may not remove on grounds not even obliquely referred to in the Notice of Removal.'" *Superior Home Health*

*Services, LLC v. Philadelphia Indem. Ins. Co.*, 2:17-CV-52-AM-CW, 2018 WL 1876288, at \*3 (W.D. Tex. Feb. 14, 2018) (quoting *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002)).

Here, car2go did not plead facts necessary to vest jurisdiction in this Court. It offered a raft of facts relevant to determining whether DeLong is a citizen of North Carolina rather than Texas. (Not. Removal, Dkt. 1, at 3–6).[2] But it pleaded nothing about DFS and nothing to suggest car2go is not the real party in interest. (*See id.*). Having failed to even obliquely refer its improper-joinder arguments in its notice to removal, car2go may not now seek removal on those grounds.

As car2go points out, one district court in this circuit has considered arguments for removal raised for the first time in a response to a motion for remand. (Not. Removal, Dkt. 1, at 5 (citing *Lone Star Fund IV (US) LP v. Lee*, CIV.A. 3:09-CV-1614, 2010 WL 1790392, at \*4 (N.D. Tex. May 5, 2010); *Pharos Capital Group, LLC v. Nutmeg Ins. Co.*, 999 F. Supp. 2d 947, 953 (N.D. Tex. 2014))). *Lone Star Fund* justified doing so by observing that the Fifth Circuit has affirmed the amendment of notices of removal to cure technical defects. 2010 WL 1790392, at \*4 (citing *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010)). *Pharos Capital* justified doing so by citing the court's prior decision in *Lone Star Fund*. 999 F. Supp. 2d at 953.

The Court is unpersuaded to follow the approach taken in those two cases. Certainly, *Menendez* counsels in favor of permitting amendment had car2go sought to amend its notice of removal to plead facts supportive of its improper-joinder argument. 364 F. App'x at 66. But the availability of amendment is not at issue here, because car2go has not sought amendment. For

---

[2] If indeed DeLong were a North Carolina citizen, it is unclear whether the improper joinder doctrine would even apply had it not been waived. *See Butler v. ENSCO Intercontinental GmbH*, CV H-16-578, 2017 WL 496073, at \*6 (S.D. Tex. Feb. 7, 2017) (quoting *OAM Corp. v. Owners Ins. Co.*, No. 3:13–cv–3872, 2013 WL 12128782, at \*2 (N.D. Tex. Dec. 5, 2013) (italics in original) (observing that "[t]he law is not as well settled regarding whether [the] improper joinder doctrine can extend to situations where *diverse in-state defendants* are joined in an effort to defeat removal under the forum-defendant rule"). At least one district court in this circuit has held that the improper-joinder doctrine does not apply in such circumstances. *Tipton v. Landen*, No. 6:15–cv–2811, 2016 WL 919539, at \*6 (W.D. La. Mar. 8, 2016).

complaints, even a liberal approach to amendment under Federal Rule of Civil Procedure 15[3] does not relieve a party from its burden to state a plausible claim for relief in its pleading. Neither does a liberal approach to amending a notice of removal relieve car2go from its burden to allege grounds for jurisdiction in its removal pleading. At best, *Menendez* creates a doubt about the propriety of removal. But the removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)*; see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). Even assuming that *Menendez* introduces doubt about whether a district court should consider arguments raised for the first time in a response to a motion for remand, based on facts not alleged in a notice of removal, the Court must resolve that doubt in favor of remand. Accordingly, car2go's removal was improper under the forum defendant rule. 28 U.S.C. § 1441(b)(2).

Accordingly, **IT IS ORDERED** that DeLong's Motion to Remand, (Dkt. 8), is **GRANTED**. This case is **REMANDED** back to the 98th Judicial District Court of Travis County, Texas. The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on July 30, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[3] *See Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and quotation marks omitted) ("Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.").